DECISION AND JUDGMENT ENTRY
Leonard L. New, Jr. appeals a judgment of the Gallia County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child.
A juvenile complaint alleged that appellant appeared to be a delinquent child because on July 31, 1997, he assaulted a Gallia County Deputy Sheriff in violation of R.C. 2903.13 and 2151.02.
At trial, the state presented four witnesses including the complainant, Deputy Sandra Jackson, who testified that appellant struck her in the head and the breast. Following the state's case, the trial judge granted a continuance of almost three months to the defense for purposes of locating and serving subpoenas on witnesses.
Shortly before the second scheduled hearing, defense counsel filed a motion to withdraw, which was orally denied, and a motion to suppress, which was taken under consideration. Appellant also orally moved for a mistrial on the ground that the state had failed to provide appellant with a copy of a witness' exculpatory statement. After learning that defense counsel had a copy of the statement at the previous hearing, the juvenile judge indicated that a mistrial was inappropriate but sanctioned the state by allowing appellant to offer the statement in lieu of live testimony so that the state could not cross-examine the witness, Misty DeBor.
Appellant testified that Deputy Jackson grabbed him by the throat and he attempted to push her away. He denied hitting Deputy Jackson at any time. The court heard testimony from Misty DeBor and Juanita Maricardo, who both contended that appellant had not struck Deputy Jackson. Appellant's mother and sister both testified to the circumstances surrounding the incident and to appellant's injuries, though neither observed the altercation. The emergency medical technician who treated appellant's injuries and Deputy David Martin, who took a complaint from appellant and his mother regarding the incident and photographed appellant's injuries, also testified in appellant's case in chief.
At the conclusion of the hearing, the trial judge asked counsel if there would still be argument regarding the discovery and suppression motions. Defense counsel asked for an opportunity to provide the trial court with further authority supporting a mistrial. The trial judge then indicated that closing arguments should be submitted in writing and that appellant should also submit further argument regarding the propriety of a mistrial. Defense counsel submitted a memorandum of law requesting a mistrial due to the prosecutor's failure to disclose Misty DeBor's statement and both sides filed closing arguments. Appellant did not renew his prior suppression request at the end of trial or in his written closing arguments. Following these submissions, the juvenile judge found that the allegations in the complaint were true and adjudicated appellant a delinquent. At the dispositional hearing, appellant was placed on probation for a period of three months. Appellant filed a timely notice of appeal.
Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, appellant's appointed counsel on appeal has advised this Court that following a thorough and conscientious review of the record, counsel can discern no prejudicial errors upon which an assignment of error may be predicated. Appellant's counsel has requested leave to withdraw and, in accordance with Anders, has accompanied her request with a brief referring to those portions of the record that might arguably support an appeal. Counsel has presented the following potential assignments of error:
 "1. The trial court erred by overruling appellant's motion to suppress."
 "2. The trial court erred by overruling appellant's motion to dismiss."
 "3. The trial court erred by finding appellant to be a delinquent child."
We note that appellant was served with a copy of his appointed counsel's brief and given an opportunity to file his own supplemental brief in order to argue issues which were not raised by his counsel. Appellant has failed to avail himself of this opportunity.
This court must undertake a full examination of the proceedings to determine whether the appeal is wholly frivolous.Anders, supra. If we find only frivolous issues on appeal, then we may proceed to address the case on its merits without the assistance of counsel. State v. Hart (Dec. 23, 1997), Athens App. No. 97CA18, unreported. However, if we disagree with counsel and conclude there are meritorious issues for appeal, we must afford appellant the assistance of counsel. Anders, supra
see, also, Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 I.
The first proposed assignment of error alleges that the trial court may have erred in overruling appellant's motion to suppress. In his motion, appellant argued that the trial court should suppress statements taken from or made by appellant, statements taken from the state's witnesses and observations, opinions and statements of the officer(s) who stopped/arrested appellant. In support of this request, appellant argued that there was no lawful cause to arrest him without a warrant, that the officers failed to read him his Miranda rights and that the officers failed to provide a juvenile officer to read him his rights.[2] Appellant's motion was filed after the first hearing date but shortly prior to the second.
The state opposed the motion as it was not filed prior to the commencement of trial. The juvenile judge indicated that he would review his notes from the previous hearing date prior to granting or denying the motion. At the conclusion of the hearing, the trial judge asked defense counsel if she would like to make further argument regarding the motion to suppress or the motion for a mistrial based on the state's discovery violation. Defense counsel asked for an opportunity to file a written response. While defense counsel filed a memorandum of law regarding the request for a mistrial, no further request was made to suppress or strike any of the state's witnesses' testimony. The trial court did not explicitly deny appellant's motion to suppress but, given the court's delinquency finding, it implicitly denied the motion. See State v. Rozell (June 20, 1996), Pickaway App. No. 95CA17, unreported (stating that when a trial court fails to rule on a motion, the appellate court will presume that the trial court overruled that motion)
Pursuant to Juv.R. 22 (D), motions to suppress evidence on the ground that the evidence was illegally obtained must be heard before the adjudicatory hearing. All prehearing motions must be filed by the earlier of seven days prior to the hearing or ten days after the appearance of counsel. Juv.R. 22 (E). However, the court in the interest of justice may extend the time for making prehearing motions and may, for good cause shown, permit a motion to suppress evidence to be made at the time such evidence is offered. Id.
Here, appellant asked the trial court to suppress evidence and the testimony of the state's witnesses after the evidence had been admitted. Appellant made no request for an extension of time within which to properly raise his motion to suppress and offered no mitigating explanation as to why the motion was late. The failure of appellant to raise his motion to suppress prior to trial, within the specified time period, constitutes a waiver of his objection as to the legality of his arrest.
Even if the trial court found good cause for the late filing of the motion to suppress, the motion was properly denied on its merits. Appellant sought suppression of any statements taken from or made by appellant and statements taken from the state's witnesses. However, the state did not introduce any statements made by appellant and there is no evidence that such statements exist. Similarly, the state did not attempt to introduce any witness statements into evidence. Therefore, appellant's motion as it pertains to these categories of statements was moot.
Appellant also asked the trial court to suppress the observations, opinions and statements of the officer(s) who stopped/arrested appellant because appellant's arrest was unlawful. Essentially, appellant asked the trial court to suppress the officers' testimony regarding the assault which was the basis for his arrest and the complaint in this case. We believe trial counsel's argument regarding motions to suppress arising out of unlawful arrests was misplaced.
An arrest made without a warrant amounts to an unconstitutional seizure under the Fourth Amendment unless the arresting officer has probable cause to believe that an offense has been committed. See Michigan v. Summers (1981),452 U.S. 692, 700, 101 S.Ct. 2587, 69 L.Ed.2d 340, 348. Ohio law provides that any person may be arrested for a felony without a warrant upon reasonable cause to believe that a felony has been committed and reasonable cause to believe that the person arrested is guilty of the offense. R.C. 2935.04. Warrantless arrests for misdemeanors are limited to crimes occurring in the officer's presence. Katz, Ohio Arrest, Search and Seizure (1999) 120, Section T5.3.
Where evidence is discovered as a result of an illegal arrest, it is subject to the exclusionary rule and suppression.State v. Timson (1974), 38 Ohio St.2d 122, paragraph two of the syllabus. However, the exclusionary rule does not exclude evidence of independent criminal conduct. State v. Trammel (Jan. 22, 1999), Montgomery App. No. 17196, unreported. Even if an officer lacks probable cause to arrest, there is no basis to suppress the officer's pre-arrest observations.State v. Hendrickson (Aug. 2, 1996), Montgomery App. No. 15585, unreported.
Here, the state did not attempt to introduce any evidence recovered from appellant or statements made by him after his arrest. The statements and observations made by the arresting officers related to independent criminal conduct and, as such, would not be subject to suppression. Therefore, even if appellant's arrest was unlawful, the officers' testimony regarding appellant's conduct prior to his arrest would still be admissible.
Wherefore, we find that an appeal based on the trial court's denial of appellant's motion to suppress would be wholly frivolous.
 II.
The second proposed assignment of error argues that the trial court may have erred in denying appellant's motion for a mistrial because appellee failed to disclose a witness' exculpatory statement to the defense.[3]
At the commencement of the second hearing, appellant indicated that the state had failed to provide him with a copy of Misty DeBor's statement, which exculpated him. Defense counsel stated that she discovered the statement when she was reviewing photographs pertaining to the case at the sheriff's office. Despite requesting all exculpatory information from the state, the prosecutor did not disclose this statement to the defense. Upon questioning by the court, defense counsel stated that she had the statement at the prior hearing but did not bring the matter to the court's attention.
After hearing from both parties, the trial judge indicated that he would not declare a mistrial because defense counsel had possession of the statement, there was no evidence that the state had intentionally withheld the statement, appellant knew of the witness' existence and the essence of her testimony, and appellant had not been prejudiced given that he learned of the statement's existence in time to prepare for trial. The trial judge went on to state that, given the state's failure to disclose the exculpatory statement, he would allow appellant to introduce the statement rather than calling Misty DeBor. Therefore, the state would be unable to cross-examine Ms. DeBor regarding her version of the events leading up to appellant's arrest. Appellant chose to call Ms. DeBor as a witness rather than introduce her statement.
In State v. Glover (1988), 35 Ohio St.3d 18, 19, the Supreme Court of Ohio discussed how an appellate court should review an assignment of error concerning a motion for a mistrial. The court wrote:
 * * * In evaluating whether the declaration of a mistrial was proper in a particular case, this court has declined to apply inflexible standards, due to the infinite variety of circumstances in which a mistrial may arise. * * * This court has instead adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial.
(Emphasis added.)
An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506; Wilmington Steel Products, Inc. v. Cleve. Elec. Illum.Co. (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 138, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169.
In his memorandum of law following the trial, appellant argued that the state violated Brady v. Maryland (1963),373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, which held that a defendant's due process rights are violated when evidence which is material to guilt or innocence is suppressed by the prosecution. We note, however, that when exculpatory information is made known during trial, no Brady violation exists. State v. Wickline (1990),50 Ohio St.3d 114, 116. Here, the evidence was discovered by appellant prior to the termination of the case and, therefore, no further Brady analysis is required. See id.
Pursuant to Juv.R. 24 (C), the trial court can impose sanctions for failure to comply with discovery orders. Juv.R. 24 (C) states:
 If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this rule, the court may grant a continuance, prohibit the person from introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
In the case at hand, we find no abuse of discretion in the trial court's decision to deny appellant's motion for a mistrial. The trial court's decision was not unreasonable, arbitrary or unconscionable. Appellant had sufficient time to review Ms. DeBor's statement and knew the substance of her testimony prior to the hearing. The judge used his discretion in imposing reasonable sanctions against the state for its failure to disclose the statement.
Accordingly, we conclude that an appeal predicated upon the argument that the trial court erred in denying appellant's motion for a mistrial would be wholly frivolous.
 III.
Lastly, we consider whether the trial court erred in adjudging appellant a delinquent child. A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.35 (A); Juv.R. 29 (E). Accordingly, in the juvenile context we employ the same standard of review applicable to criminal convictions claimed to be supported by insufficient evidence or against the manifest weight of the evidence. SeeIn re Watson (1989), 47 Ohio St.3d 86, 91. We review the facts of this case in light of both standards.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. This is a question of law which we accordingly review de novo. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 386. In analyzing the "sufficiency" of evidence, we must construe the evidence in a light most favorable to the prosecution. State v. Hill (1996),75 Ohio St.3d 195, 205; State v. Grant (1993), 67 Ohio St.3d 465,477; State v. Rojas (1992), 64 Ohio St.3d 131, 139. After construing the evidence in this manner, the test for determining sufficiency is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
Deputy Jackson testified that she approached Misty DeBor to speak to her about not getting into a fight and that appellant began yelling at her and struck her in the left side of the head. As she was attempting to restrain appellant, he struck her in the left breast. Deputy Jackson and appellant fell to the ground during the struggle and Deputy Nance assisted Deputy Jackson in subduing appellant. Deputy Jackson also testified that she was in uniform and on duty when this incident occurred. Both Barbara Wallen and D.R. Keeton testified that they saw appellant strike Deputy Jackson prior to the struggle that ensued. In light of this testimony, the evidence is sufficient to support the trial court's finding of delinquency based on appellant's assault of a peace officer.
Our role in a manifest weight of the evidence inquiry is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180,193. This is essentially a question of rational persuasiveness. To make this determination, we must "review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." State v. Stepp (1997),117 Ohio App.3d 561, 567. If the record contains substantial evidence upon which a trier of fact could conclude that the state proved its case beyond a reasonable doubt, we will not reverse a conviction. Getsy, 84 Ohio St.3d at 193-94; State v. Eskridge
(1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
Appellant presented two witnesses besides himself who refuted Deputy Jackson and the state's witnesses' version of events. Misty DeBor and Juanita Maricardo testified that appellant did not strike Deputy Jackson first but was only defending himself when Deputy Jackson assaulted him. However, both of these witnesses admitted that they did not observe the entire altercation. Furthermore, even though a manifest weight of the evidence challenge requires us to review the record and weigh the evidence, our review is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Garrow (1995), 103 Ohio App.3d 368,371. In this case, the trial judge clearly found the complainant to be a credible witness. Therefore, we conclude that an appeal based upon either a sufficiency or manifest weight of the evidence argument would be wholly frivolous.
Having considered the foregoing "possible assignments of error" and having otherwise independently examined the record for any errors prejudicial to appellant's rights and finding none, we agree with counsel's assessment that no meritorious issues exist in the instant case upon which to predicate an appeal. We therefore grant counsel's motion to withdraw, find that this appeal is wholly frivolous pursuant to Anders, supra, and Penson,supra, and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
[2] We recognize that juvenile proceedings are not criminal in nature. See State v. Carder (1966), 9 Ohio St.2d 1, 11;State v. Davis (1978), 56 Ohio St.2d 51. However, many constitutional protections enjoyed by adults are also applied to juveniles. See In re Gault (1967), 387 U.S. 1, 31-57, 87 S.Ct. 1428,18 L.Ed.2d 527 (holding that notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination of witnesses and due process rights are afforded to juveniles) Davis, supra, at 56 (holding that a juvenile is entitled to the constitutional protections of the Fourth Amendment). Therefore, the law pertaining to these constitutional protections afforded to criminal defendants is equally applicable here and we consider this case law in reviewing appellant's claims.
[3] In her Anders brief, appellate counsel indicates that the trial court may have erred in denying appellant's motion to dismiss. However, a review of the record indicates that appellant orally moved for a mistrial although he was requesting dismissal of the charges.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J.: Concurs in Judgment Only.
ABELE, J.: Concurs in Judgment and Opinion.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.