[Cite as *State v. Riggleman*, 2013-Ohio-5006.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DAVID S. RIGGLEMAN | : | Case No. 13-CA-43 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No.12 CR 00224



JUDGMENT:                        Reversed and Remanded



DATE OF JUDGMENT:                November 12, 2013



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

EARL L. FROST                             SHEENA SJÖSTRAND-POST
20 South Second Street                    33 West Main Street
4th Floor                                 Suite 106A
Newark, OH  43055                         P.O. Box 93
                                          Newark, OH  43058-093

*Farmer, P.J.*

{¶1}   On April 27, 2012, the Licking County Grand Jury indicted appellant, David Riggleman, on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, both felonies of the fourth degree.

{¶2}   A jury trial commenced on April 4, 2013.  The jury found appellant guilty as charged.  By judgment of sentence filed April 30, 2013, the trial court sentenced appellant to twelve months on each count, to be served consecutively.

{¶3}   Prior to his sentencing, appellant pled guilty to three misdemeanor offenses in municipal court.  Appellant was placed on probation for one year.  Also, in a separate case, appellant was charged with various offenses, two felonies in the third and fifth degrees and to misdemeanors in the first and fourth degrees.  This case was pending at the time of appellant's sentencing sub judice.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE  TRIAL  COURT'S  SENTENCE  WAS  CLEARLY  AND CONVINCINGLY  CONTRARY  TO  LAW  AND  CONSTITUTED  AN  ABUSE  OF DISCRETION DEPRIVING APPELLANT OF DUE PROCESS CONTRARY TO THE FOURTEENTH  AMENDMENT  TO  THE  UNITED  STATES  CONSTITUTION  AND CORRESPONDING RIGHTS UNDER THE OHIO CONSTITUTION."

II

{¶6}   "THE  TRIAL  COURT  ERRED  IN  IMPOSING  CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED FINDINGS THAT COMPORT

WITH R.C. 2929.14(C)(4) DEPRIVING APPELLANT OF DUE PROCESS CONTRARY TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CORRESPONDING RIGHTS UNDER THE OHIO CONSTITUTION."

I

{¶7}   Appellant claims his sentence to prison was contrary to law as the trial court's reasons for the prison sentence do not overcome the presumption for community control for fourth degree felonies.  We agree.

{¶8}   Appellant was convicted of two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, both felonies of the fourth degree.  By judgment of sentence filed April 30, 2013, the trial court sentenced appellant to twelve months on each count, to be served consecutively.

{¶9}   R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses.  Subsection (B)(1)(a)(i)-(iv) state the following:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court *shall* sentence the offender to a community control sanction of at least one year's duration *if* all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed. (Emphasis added.)

{¶10}  During the sentencing hearing on April 30, 2013, the trial court articulated the following reasons for imposing a prison sentence as opposed to community control (T. at 9-11):

I'm going to impose a prison term of 12 months on each count.  I'm going to order that those counts be served consecutively.

Here's why: You, while on bond, apparently have engaged in new felony conduct.  And I'm not being judgmental about that, but, according to the PSI, there are statements there that incriminate you in those offenses.

And you have shown to me that the presumption in favor of concurrent sentences should be and is overcome in this case by your conduct on pretrial, by the fact that you blew off your interview with the

probation officer to prepare the - - the - - the PSI. A condition of your bond after the guilty verdicts were (sic) that you cooperate with the preparation of the PSI. So you've not only disregarded my order, you've violated a condition of your bond while awaiting sentencing.

And I find that it is necessary to protect the public and to punish the offender, that consecutive sentences are not disproportionate; and I'd find, as I've just indicated, that the - - these offenses for which you are being sentenced were committed while you were on a term of community control through the Probation Department, is that right, or Municipal Court?

***

Let me correct that then. I find that - - that the - - a single term in this case would not adequately reflect the seriousness of the conduct here in light of his subsequent conduct while on pretrial in this case and on pretrial supervision and post-trial bond. So, you know, in referring to the new charges that have been returned and his complete disregard to cooperate with the preparation of the Presentence Investigation Report after I told him in court that he had to do that. So that's why I'm imposing a consecutive sentence here with regard to Counts 1 and 2. It's a total stated prison term of two years.

{¶11} None of the trial court's reasons comport with R.C. 2929.13(B)(1). The record does not indicate that appellant was ever convicted of or pleaded guilty to a felony offense. R.C. 2929.13(B)(1)(a)(i). The recent felony charge in the third degree

against appellant had yet to be resolved and therefore could not be used under the statute. The most serious charge against appellant at the time of sentencing was a felony in the fourth degree. R.C. 2929.13(B)(1)(a)(ii). The fact that appellant was sentenced to probation for pleading guilty to three misdemeanors in municipal court was not sufficient to disqualify R.C. 2929.13(B). The misdemeanors were not offenses of violence (possessing criminal tools, attempted theft, and criminal damaging). R.C. 2929.13(B)(1)(a)(iv).

{¶12} Upon review, we find the trial court erred in sentencing appellant to a prison term. The matter is reversed and remanded for resentencing pursuant to R.C. 2929.13(B).

{¶13} Assignment of Error I is granted.

II

{¶14} Appellant claims the trial court erred in imposing consecutive sentences. Based upon our ruling in Assignment of Error I, this assignment is moot.

{¶15} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Patricia A. Delaney

SGF/sg 1017

[Cite as *State v. Riggleman*, 2013-Ohio-5006.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID S. RIGGLEMAN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13-CA-43 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed, and the matter is remanded to said court for resentencing pursuant to R.C. 2929.13(B).  Costs to appellee.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Patricia A. Delaney