[Cite as *State v. Riggleman*, 2014-Ohio-5369.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P. J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 14-CA-17 |
| DAVID RIGGLEMAN | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
Court of Common Pleas, Case No.
2012CR00224

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 2, 2014

APPEARANCES:

For Plaintiff-Appellant

KENNETH OSWALT
Licking County Prosecutor
BY: BRYAN MOORE
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, OH  43055

For Defendant-Appellee

WILLIAM CRAMER
470 Olde Worthington Road, Suite 200
Westerville, OH 43085

*Gwin, J.*

**{¶1}** Appellant, David S. Riggleman appeals the March 3, 2014 re-sentencing in the Licking County Court of Common Pleas after remand from this Court.

*Facts and Procedural History*

**{¶2}** On April 27, 2012, the Licking County Grand Jury indicted appellant, David Riggleman, on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, both felonies of the fourth degree.

**{¶3}** A jury trial commenced on April 4, 2013. The jury found Riggleman guilty as charged. By judgment entry filed April 30, 2013, the trial court sentenced Riggleman to twelve months on each count, to be served consecutively.

**{¶4}** Prior to his sentencing, Riggleman pled guilty to three misdemeanor offenses in municipal court. Riggleman was placed on probation for one year. In addition, in a separate case, Riggleman was charged with various offenses, two felonies in the third and fifth degrees and two misdemeanors in the first and fourth degrees.

**{¶5}** Riggleman appealed claiming his sentence to prison was contrary to law, as the trial court's reasons for the prison sentence did not overcome the presumption for community control for fourth degree felonies. This Court agreed and reversed and remanded for resentencing pursuant to R.C. 2929.13(B). *State v. Riggleman*, 5th Dist. Licking No. 13-CA-43, 2013-Ohio-5006.

**{¶6}** Riggleman was re-sentenced on March 3, 2014 and the same 2-year sentence was imposed.

*Assignment of Error*

**{¶7}** Riggleman raises one assignment of error,

{¶8} "I. THE TRIAL COURT VIOLATED THE RETROACTIVITY CLAUSE OF THE OHIO CONSTITUTION AND THE EX POST FACTO CLAUSE OF THE U.S. CONSTITUTION BY RETROACTIVELY APPLYING AMENDMENTS TO R.C. 2929.13(B)(1)(B) THAT DISQUALIFIED APPELLANT FROM MANDATORY COMMUNITY CONTROL."

*Analysis*

{¶9} ***Riggleman committed the underlying felonies in February 2012.***

{¶10} At that time R.C. 2929.13(B) provided,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program

details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) The offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

***Riggleman was originally sentenced on April 30, 2013.***

{¶11} At that time R.C. 2929.13(B) provided,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault

offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense,

and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

(c) If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. Not later than forty-five days after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any. Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department

the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court or for forty-five days, whichever is the earlier.

**Riggleman was re-sentenced on March 3, 2014.**

**{¶12}** At that time, R.C. 2929.13(B), *effective September 29, 2013,* provided,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

(c) If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes

of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. Not later than forty-five days after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any. Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court or for forty-five days, whichever is the earlier.

### *Ex Post Facto*

{¶13} Retroactive changes in the measure of punishment are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense. *See Lindsey v. Washington,* 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182(1937); *State v. Walls*, 96 Ohio St.2d at 447, 2002–Ohio–5059, 775 N.E.2d 841, ¶ 29. A "speculative and attenuated" possibility that the statutory change has increased the measure of punishment will not constitute an ex post facto violation. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 510, 115 S.Ct. 1597, 131

L.Ed.2d 588(1995) In other words, Riggleman must demonstrate that he had more than a speculative chance under the old law of receiving community control sanctions instead of prison. *State v. Walls, supra,* 96 Ohio St.2d at 448, 2002–Ohio–5059 at ¶ 30, 775 N.E.2d at 841. *Accord, State v. Paynter*, 5th Dist. Muskingum No. CT2006–0034, 2006–Ohio–5542, ¶ 32.

**{¶14}** R.C. 2929.13 was amended as part of 2011 Am.Sub.H.B. No. 86. R.C. 2929.13 was amended to provide that, relevant to the case at bar, a trial court must sentence an offender convicted of a fourth or fifth degree felony to community control sanctions rather than prison. However, several exceptions to this presumption are contained within 2929.13. Most notably, the presumption is defeated if the offender violated a term of the conditions of bond. Riggleman concedes that "[t]he bond violation exception was already in R.C. 2929.13(B)(1)(b) at the time of the offense, so the court did not violate the Retroactivity Clause or the Ex Post Facto Clause by relying on that exception. As a result, the court could have imposed prison based on the bond violations without regard to the other exceptions." [Appellant's Brief at 3].

**{¶15}** Riggleman argues, however that the trial court also relied upon the organized criminal activity exception and the "while on community control" provision that were not in R.C. 2929.13(B) at the time he committed the offenses. *See,* R.C. 2929.13(B)(1)(b)(ix) and R.C. 2929.13(B)(1)(b)(xi), effective Sept. 29, 2013. Riggleman argues that the organized activity exception and the "while on community control" exceptions are retroactive changes in the measure of punishment and are impermissibly ex post facto. Riggleman contends that because the trial court relied upon these impermissible sections in addition to the permissible exception he has been prejudiced.

**{¶16}** The Ohio Supreme Court has recognized that "it is well-established that a sentencing court may weigh such factors as arrests for other crimes. * * * [T]he function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant. 'To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.'" *State v. Burton*, 52 Ohio St.2d 21, 23 (1977), *quoting United States v. Doyle*, 348 F.2d 715, 721 (2nd Cir.1965).

**{¶17}** In *State v. Bowser* the Court observed,

[I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense. For example, the statute governing the contents of a PSI report simply says, "[T]he officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant." R.C. 2951.03(A). The statutory directive no doubt results in the sentencing court considering evidence that would be inadmissible at trial, *State v. Davis* (1978), 56 Ohio St.2d 51, 10 O.O.3d 87, 381 N.E.2d 641—like hearsay—and results in the court considering evidence entirely unrelated to the conviction offense. *See Gregg v. United States* (1969), 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442. So, the court may consider the offender's prior arrests, even if none yields prosecution. *Burton* at 23, 6 O.O.3d 84, 368 N.E.2d 297 ("it is well-established that a

sentencing court may weigh such factors as arrests for other crimes"). The court may also consider facts that support a charge of which the offender is ultimately acquitted. *State v. Wiles* (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97, *quoting United States v. Donelson* (C.A.D.C.1982), 695 F.2d 583, 590 ("'It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted' ").

The court may even consider mere allegations of crimes for which the offender is never prosecuted. *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (allegations of uncharged criminal conduct found in a PSI report may be considered as part of the offender's social history).

186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714(2nd Dist), ¶15.

**{¶18}** In the case at bar, the trial court could review the facts of the crime and the circumstances of the defendant before deciding the sentence to impose. Specifically, it was permissible for the trial court to consider the fact that there were two separate illegal narcotic sales on separate dates. In addition, the trial court could properly consider the fact that Riggleman was under the supervision of the Licking County Municipal Court at the time he committed the felony offenses. In other words, the trial court could consider these factors in exercising its discretion in deciding whether to sentence Riggleman to prison based on the bond violation exception contained in R.C. 2913.13(B).

**{¶19}** We note that an "ex post facto inquiry does not focus 'on whether a legislative change produces some ambiguous sort of 'disadvantage [.]' *Morales*, 514

U.S. at 506, 115 S.Ct. at 1602, 131 L.Ed.2d at 595, fn. 3. *State v. Rush*, 83 Ohio St.3d

53, 59, 697 N.E.2d 634(1998). In the case at bar, each enactment of R.C. 2929.13(B)

contained the exception allowing the court to sentence an offender convicted of a felony

of the fourth degree to prison if the offender violated a term or condition of bond.

### *Conclusion*

{¶20} Because the trial court's decision was based in part upon the bond

violation exception that was contained in R.C. 2929.13(B)(1)(b) at the time the offenses

were committed, and because the trial court could properly consider information beyond

that strictly related to the conviction offense in deciding whether to impose a prison

sentence we find no ex post facto violation.

{¶21} Riggleman's sole assignment of error is overruled.

{¶22} The judgment of the Court of Common Pleas, Licking County, Ohio is

affirmed.

*Hoffman, P.J., dissenting*

**{¶23}** I respectfully dissent from the majority opinion.

**{¶24}** I acknowledge the trial court could have chosen to sentence Appellant to prison on the bond violation exception contained in R.C. 2913.13(B) alone. However, it seems quite clear the trial court also improperly considered the other two exceptions when making its decision.

**{¶25}** While the trial court may well have come to the same decision based solely on the bond violation exception, I find the better course in the interest of fairness would be to vacate Appellant's sentence and remand the matter to the trial court to redetermine sentence in accordance with the version of R.C. 2929.13(B) in existence at the time of the offense. While I concede the organized criminal activity exception and the "while on community control" exception may be considered by the court in determining the appropriate overall sentence to be imposed, I find reference to them in the specific determination of whether to sentence Appellant to prison instead of the statutory preference for community control is sufficient to warrant redetermination.