[Cite as *State v. Williams*, 2023-Ohio-1883.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2022-0060 |
| KURT E. WILLIAMS | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING: Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2022-0206

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 7, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

RONALD L. WELCH                     RICHARD D. HIXON
Prosecuting Attorney                    3808 James Court, Suite 2
Muskingum County, Ohio             Zanesville, OH 43701
By:
JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Gwin, P.J.*

{¶1}    Defendant-appellant Kurt E. Williams ["Williams"] appeals his sentence after a negotiated plea of guilty in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    Williams was indicted on one count of receiving stolen property, a motor vehicle identification license plate as listed in R.C. 2913.71(A), a felony of the fifth degree in violation of R.C. 2913.51(A).

{¶3}    The trial court held a plea hearing on July 11, 2022. The Criminal Rule 11(C) and (F) plea form signed by Williams was filed on that same date.  During the plea hearing, Williams admitted that he was currently on post-release control.  Plea T. at 5. Williams pled guilty to the sole count of the Indictment.  The trial court deferred sentencing pending the completion of a pre-sentence investigation report.

{¶4}    The trial court conducted a sentencing hearing on August 15, 2022. The trial court noted that at the time of the offense in this case, Williams was on post-release control in Washington County for Escape, a felony of the third degree.  Sent. T. at 5.  The trial court further noted that Williams had been incarcerated in the past for Aggravated Burglary.  Id. Williams further had been convicted of felony drug possession and OVI. The trial court noted that Williams has a lengthy misdemeanor record which includes "six or seven" OVI offenses and domestic violence.  Id. The trial court sentenced Williams to eleven months.

*Assignments of Error*

{¶5}    Williams raises two Assignments of Error,

{¶6} "I. THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW, AS IT WAS IMPOSED WITHOUT ADEQUATELY CONSIDERING THE PURPOSES OF FELONY SENTENCING UNDER OHIO REVISED CODE SECTION 2929.11 OR THE SERIOUSNESS OF CRIME AND RECIDIVISM FACTORS UNDER OHIO REVISED CODE SECTION 2929.12.

{¶7} "II.  THE TRIAL COURT'S SENTENCE WAS IN VIOLATION OF DEFENDANT/APPELLANT'S EIGHTH AMENDMENT RIGHTS."

I.

{¶8} In his First Assignment of Error, Williams argues that the trial judge's sentence fails to consider the factors contained in R.C. 2929.11 and R.C. 2929.12.

**Standard of Appellate Review**

{¶9} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presence-investigation reports.  R.C. 2953.08(F)(1) through (4).

{¶10} We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.  *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.

Our standard of review is de novo. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 27.

{¶11} Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**Issue for Appellate Review**: *Whether Williams's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12*

### R.C. 2929.13(B)

{¶12} R.C. 2929.13(B) applies to one convicted of a fourth-or fifth-degree felony. Williams pled guilty to a felony of the fifth degree. In relevant part the statute provides,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an

offender is convicted of or pleads guilty to a felony of the fourth or fifth

degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

{¶13} R.C. 2929.13(B)(1) further provides,

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if *any* of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and,

if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth- or fifth-degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

**{¶14}** In the case at bar, the trial court found that Williams was on post-release control for Escape, a felony of the third degree at the time of the present offense. The trial court further found that Williams had previously served a prison sentence for aggravated burglary. In addition, the record reveals that the trial court found that Williams had violated Condition #8 of his bond by testing positive for drugs on July 11, 2022. See, *Judgment Entry Revoking Bond,* filed July 12, 2022. [Docket Entry No. 21].

**{¶15}** Accordingly, the court had discretion to impose a prison term for the fifth-degree felony. An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S.H.,* 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54. The trial court's reasoning is not legally incorrect or untenable and the decision does not reach an end or purpose not justified by reason and the evidence. The decision to impose a prison sentence does not amount to a denial of justice.

## R.C. 2929.11

{¶16} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

## R.C. 2929.12

{¶17} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C.

2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

{¶18} In *State v. Bowser* the Court observed,

[I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense. For example, the statute governing the contents of a PSI report simply says, "[T]he officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant." R.C. 2951.03(A). The statutory directive no doubt results in the sentencing court considering evidence that would be inadmissible at trial, *State v. Davis* (1978), 56 Ohio St.2d 51, 10 O.O.3d 87, 381 N.E.2d 641— like hearsay—and results in the court considering evidence entirely unrelated to the conviction offense. *See Gregg v. United States* (1969), 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442. So, the court may consider the offender's prior arrests, even if none yields prosecution. *Burton* at 23, 6 O.O.3d 84, 368 N.E.2d 297 ("it is well-established that a sentencing court may weigh such factors as arrests for other crimes"). The court may also consider facts that support a charge of which the offender is ultimately acquitted. *State v. Wiles* (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97, *quoting United States v. Donelson* (C.A.D.C.1982), 695 F.2d 583, 590 ("'It is well established that a sentencing judge may take into account facts

introduced at trial relating to other charges, even ones of which the defendant has been acquitted'").

The court may even consider mere allegations of crimes for which the offender is never prosecuted. *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (allegations of uncharged criminal conduct found in a PSI report may be considered as part of the offender's social history).

186 Ohio App.3d 162, 2010–Ohio–951, 926 N.E.2d 714(2nd Dist.), ¶ 15. *Accord, State v. Riggleman,* 5th Dist. Licking No. 14-CA-17, 2014-Ohio-5369, ¶16-17.

**{¶19}** We conclude that the trial court did not commit error when it sentenced Williams. Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. While Williams may disagree with the weight given to these factors by the trial judge, Williams's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. Williams has not shown that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12.

**{¶20}** Williams's First Assignment of Error is overruled.

II.

**{¶21}** In his Second Assignment of Error, Williams argues the imposition of a prison sentence rather than a community control sanction violates the constitutional

prohibitions against cruel and unusual punishment set forth in the United States and Ohio Constitutions. Specifically, Williams claims the sentence is grossly disproportionate to the crime of receiving a stolen license plate.

## Cruel and Unusual Punishment

**{¶22}** The Eighth Amendment to the United States Constitution prohibits excessive sanctions by the government. It provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *See, also,* Section 9, Article I of the Ohio Constitution.

**{¶23}** It is well-established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. *See State v. Chaffin,* 30 Ohio St.2d 13, 282 N.E.2d 46 (1972). As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment. *State v. Stevens*, 5th Dist. Stark No. 2017CA00024, 2017-Ohio-8692, ¶ 10, *quoting McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964).

**{¶24}** Proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. *State v. Morin*, 5th Dist. Fairfield No. 2008-CA-10, 2008-Ohio-6707, ¶ 69, *citing Solem v. Helm,* 463 U.S. 277, 290–292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

**{¶25}** "[P]unishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common

law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964).

{¶26} Williams has not contrasted his individual sentence or his prison term with any Ohio, out-of-state, or federal cases. Given that the trial court is not obligated to refer to every factor listed in R.C. 2929.12 as part of its sentencing analysis, "the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 77 N.E.3d 484, 2017-Ohio-157, ¶8. As we noted in our disposition of Williams's First Assignment of Error, the trial court was authorized by R.C. 2929.13(B)(1) to impose a prison sentence in this case.

{¶27} Williams has failed in his burden to show the eleven-month sentence imposed on him is grossly disproportionate to the respective offense so as to shock the moral sense of the community. We find Williams has not demonstrated his sentence constitutes cruel and unusual punishment under the United States and Ohio Constitutions.

{¶28} Williams's Second Assignment of Error is overruled.

{¶29} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

King, J., concur

[Cite as *State v. Williams*, 2023-Ohio-1883.]