THE STATE OF OHIO, APPELLEE, *v.* DAVIS, APPELLANT.

(No. 77-1095—Decided October 18, 1978.)

*Mr. George C. Smith*, prosecuting attorney, and *Ms. Catherine B. Wilder*, for appellee.

*Mr. Gerald G. Simmons*, for appellant.

*Per Curiam.* Appellant has presented seven propositions of law.

## I.

**First,** appellant contends that the trial court erred in

not sustaining a defense motion to suppress certain statements made by appellant to the police on February 25-26, 1976, which appellant claims were not made pursuant to a knowing, voluntary and intelligent waiver of his constitutional privilege againt self-incrimination.

Both appellant and his mother signed *Miranda* rights waiver forms before each of three questioning sessions on February 25 and 26. Appellant was not under arrest. There has been no contention of police abuse or coercion, either physical or emotional.

Appellant never refused to speak with the officers, but he did refuse to submit to a polygraph examination on questions concerning the murder of Kathryn Miller. Appellant contends that he refused to answer because he did not want his mother to know that he had stolen the victim's automobile. Whenever appellant failed to answer such questions, he signed additional waiver forms before any reinterrogation was attempted.

In *State* v. *Black* (1976), 48 Ohio St. 2d 262, such a procedure was followed and approved. In *S.ate* v. *Bell* (1976), 48 Ohio St. 2d 270, 277 this court held that when a police officer questions a minor, such as appellant, the issue of "whether he intelligently and voluntarily waives his rights cannot always be decided by the same criteria applied to mature adults. See *Haley* v. *Ohio* (1948), 332 U. S. 596; *In re Gault* (1967), 387 U. S. 1. Such criteria necessarily varies with certain factors as the age, emotional stability, physical condition, and mental capacity of the minor." However, where a minor is "adjudicated competent to stand trial as an adult * * * [he] is not afforded as much protection as a very young or disabled child who is not as capable of intelligently waiving his rights." *State* v. *Bell, supra.*

Upon a careful review of the record, we are satisfied that the statements by appellant were made "pursuant to an intelligent and voluntary waiver of his constitutional rights of which he was fully advised, giving due regard to the requirement that a minor be given even more scrupulous attention to the issues of voluntariness and understanding than an adult." *State* v. *Bell, supra,* at pages 277-78.

## II.

Appellant's second proposition of law alleges that his conviction under R. C. 2903.01(B) cannot be based on a series of inferences upon inferences. Appellant argues that the prosecution could not prove that he stole anything from the victim's purse, which was found empty in the bedroom, without first inferring that there was something in the purse which could have been stolen. Whether or not this is true cannot help appellant since the prosecution did not need to prove actual theft, but merely an attempt, under R. C. 2903.01(B). This statute reads as follows:

"No person shall purposely cause the death of another while committing or *attempting* to commit, or while fleeing immediately after committing or *attempting* to commit kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary." (Emphasis added.)

An attempted theft can reasonably be assumed to have occured from the following facts: the bedroom in which the victim was found was in disorder, the victim's purse and wallet were open, and the bedroom closet was open and appeared to have been "ransacked."

This proposition of law is overruled.

## III.

Appellant in his third proposition of law alleges a denial of a fair and impartial jury in that defense counsel was not allowed to question the jury on *voir dire* as to their views on capital punishment. This contention was thoroughly considered and rejected by this court in the recent decision of *State* v. *Wade* (1978), 53 Ohio St. 2d 182.

## IV.

Appellant's fourth proposition contends that the trial court improperly overruled a motion by defense to suppress evidence regarding the taking of appellant's fingerprints in violation of R. C. 2151.313, which reads, in pertinent part, as follows:

"No child shall be fingerprinted or photographed in the investigation of a crime without the consent of the judge, except as provided in this section. Fingerprints of

a child may be taken by law enforcement officers investigating the commission of an act which would be a felony if committed by an adult when there is probable cause to believe that the child may have been involved in the felonious act being investigated."

The Court of Appeals properly held that this statute does not require the exclusion by the trial court of fingerprint evidence obtained in violation of this statute. As this court stated in *State* v. *Carder* (1966), 9 Ohio St. 2d 1, 11: "The purpose of * * * [R. C. 2151.31 now 2151.313] is not to determine * * * admissibility into evidence [of fingerprints] but rather to conform to the theory that juvenile proceedings are not criminal in nature."

Although a violation of R. C. 2151.313 warrants the criminal prosecution of the violator under R. C. 2151.99 (B),³ it does not compel the exclusion of evidence pertaining to the taking of a minor's fingerprints.

Appellant argues further that the taking of his fingerprints by the police was in violation of his right to be secure against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution,⁴ and as such should have been held inadmissible.

While it is well settled that the Fourth Amendment applies to minors in the same manner as adults (see *Davis* v. *Mississippi* [1969], 394 U. S. 721), it is as equally clear that a juvenile may waive his rights under the Fourth Amendment by consenting to the search or seizure, provided the consent is voluntary. *State* v. *Ostrowski*

---

³R. C. 2151.99 (B) reads as follows:

"Whoever violates section 2151.313 or 2151.421 of the Revised Code is guilty of a misdemeanor of the fourth degree."

⁴The Fourth Amendment to the United States Constitution reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The provisions of Section 14, Article I of the Ohio Constitution are essentially the same.

(1972), 30 Ohio St. 2d 34. The test for voluntariness is set forth in *Schneckloth* v. *Bustamonte* (1973), 412 U. S. 218, 248-249, as follows:

"* * * When the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances * * *."[5]

The totality of the circumstances in the instant cause indicates that appellant voluntarily consented to the taking of his fingerprints, thereby waiving his rights under the Fourth Amendment.

It is the contention of appellant that the decision in *Davis* v. *Mississippi, supra,* is controlling in this cause. We disagree. *Davis* involved "detentions for the sole purpose of obtaining fingerprints * * *," and the prosecution in that case did not claim that the defendant had voluntarily submitted to fingerprinting. Since the appellant in the instant cause voluntarily appeared at the police station and consented to the fingerprinting, there was no detention within the parameters of *Davis*. Therefore, appellant's fourth proposition of law is rejected.

## V.

Appellant in his fifth proposition of law contends that the state failed to lay a proper scientific foundation for the introduction of evidence concerning the relative age of a fingerprint, identified as appellant's, found on the headboard of the victim's bed.

Upon a careful examination of the record and the representations of both parties, we conclude that this is a question which goes to the weight of the evidence, to be considered by the jury, rather than to its competency.

---

[5] This test was cited and followed by this court in the recent decision of *State* v. *Barker* (1978), 53 Ohio St. 2d 135, in which the subject of a noncustodial search voluntarily consented to the taking of a pubic hair sample.

This proposition of law is overruled.

## VI.

Finally, appellant contends that the death penalty was improperly imposed by the trial court and that the statutory scheme for imposing the death sentence constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. In view of the United States Supreme Court's opinion in *Lockett* v. *Ohio* (1978), U. S.     , 57 L. Ed. 2d 973, which held that R. C. 2929.04 (B) failed to allow for the individualized consideration of mitigating circumstances required by the Eighth and Fourteenth Amendments, this court modified the judgment of the Court of Appeals by reducing appellant's sentence of death to life imprisonment. Appellant's first contention has therefore been rendered moot. Appellant's second contention accordingly merits no further discussion.

Appellant's sentence having previously been modified by this court, the judgment of the Court of Appeals as to appellant's conviction is hereby affirmed.

*Judgment accordingly.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

LEACH, C. J., not participating.