[Cite as *State v. Wagner*, 2017-Ohio-8653.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                        :    Case No.  16CA1033

    vs.                                                    :

TARA WAGNER,                                   :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                      :

_____

APPEARANCES:

Stephen P. Hardwick, Columbus, Ohio, for appellant.

David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:   11-9-17
ABELE, J.

{¶ 1}   This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence.   Tara Wagner, defendant below and appellant herein, assigns one error for review:

> "THE RECORD CLEARLY AND CONVINCINGLY DOES NOT SUPPORT THE TRIAL COURT'S DECISION TO PUNISH MS. WAGNER FOR THE HARM CAUSED BY DRUGS SHE WAS NOT CONVICTED OF SELLING.   R.C. 2929.01(DD), 2929.12, 2953.08(G)(2); INDICTMENT (MARCH 31, 2016); PLEA OF GUILTY (Aug. 18, 2016); T.P. 12-3 (AUG. 14, 2016); T.P. 21-24 (SEPT. 21, 2016)."

{¶ 2}   On March 31, 2016, the Adams County Grand Jury returned an indictment that charged appellant with (1) two counts of trafficking in drugs to a minor in violation of R.C. 2925.03(A)(1),

with a specification that the appellant committed the offense in the vicinity of a juvenile, both fourth-degree felonies, and (2) two counts of corrupting another with drugs in violation of R.C. 2925.02(A)(4), both second-degree felonies.

{¶ 3}   At her change of plea hearing, appellant pled guilty to one count of trafficking in drugs with specification, and one count of corrupting another with drugs.   In exchange for her plea, the state dismissed counts two and four.   At the hearing, appellant stated to the trial court that on February 14, 2016, she met a juvenile, who was a friend of her stepdaughter, at a convenience store and sold one Suboxone pill to the juvenile in the presence of her minor stepdaughter.

{¶ 4}   At appellant's sentencing hearing, the trial court reviewed appellant's offenses and analyzed the various sentencing factors.   The court then painted a picture of a larger drug problem at the local Children's Home.   The transcript reveals that the trial judge spoke at length regarding the sale of drugs to minors who reside at the Adams County Children's Home.   The court noted its frustration and disbelief with the egregious nature of selling drugs to a child who already occupies such a difficult position in life.   The court also listed some of the more heinous violent crimes that it had seen in Adams County and stated that this particular crime is actually worse.   At the conclusion of the hearing, the court sentenced appellant to serve eighteen months of in prison on count 1 (the trafficking charge) and seven years on count two (the corruption charge), with the sentences to be served concurrently and with credit for 125 days previously served.   In addition, the court imposed an $800 fine and suspended appellant's driver's privileges for three years, effective 2/1/23 or upon her release from incarceration.   Also, the court waived the minimum mandatory fine in count 3 as a result of a timely filed affidavit of indigency by defense counsel.   This appeal followed.

{¶ 5}   The standard of review for felony sentences is found in R.C. 2953.08(G):   "The

appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(c) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law."   Recently, the Supreme Court of Ohio held that an appellate court may vacate or modify any sentence if the court finds, by clear and convincing evidence, that the record does not support the sentence.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.  The *Marcum* court defined "clear and convincing" as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Id.,* citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Thus, we must determine whether, by clear and convincing evidence, whether the sentence in the case at bar is contrary to law.

{¶ 6}  Appellant asserts that her sentence is contrary to law because although her offense involved the sale of one pill, the trial court instead punished her for harm caused by drugs for which she was not convicted of selling.  We turn to the sentencing transcript for the court's recitation of the facts and analysis of the relevant sentencing factors.  The court noted that on February 14, 2016, the director of children's services notified the West Union Police Chief about suspected drug activity

in the Children's Home.   The director of the home had taken some of the children to the probation department to be drug tested.   After interviewing the children who had tested positive for Buprenorphine, which is commonly known as Suboxone, the Chief learned that a juvenile sold or gave the Suboxone to the other juveniles.   During the interview, the juvenile stated that he received the Suboxone from appellant's stepdaughter, and that he gave it to another juvenile who would then give it away or sell it.   Appellant was identified as the person who provided the Suboxone to the selling juvenile.   Thus, the person that appellant corrupted with drugs is the juvenile who received, or gave away, the Suboxone.   The specification to the trafficking charge involved the fact that appellant also trafficked in the vicinity of a minor, her stepdaughter.

{¶ 7}   The trial court also referenced the multiple hearings that it held that involved the children's home, and discussed one young woman who had planned to join the Marine Corps, but cannot now do so because she has a drug problem due to Suboxone.   In addition, the court identified another young man who had turned 18 and was in jail facing a felony, and "the only reason he's in jail is because of the inception of this case. The only reason."   The court also referenced other juvenile cases as well.

{¶ 8}   In addition, the trial court referenced two sales, although appellant pled guilty to and was convicted of one, and asked appellant if she was aware of the multiple effects of her actions: "You ought to see the wake of your boat.   You ought to see the carnage that we're skiing through right now.   You say it never happened before in your life.   It never happened before, ma'am, in the history of Adams County, Ohio.   There has never been one person since the founding of this county that ever imagined or ever effectuated the sale of drugs to kids, that the reason they're out there is because their parents have died or abandoned them, the majority of them because of drugs.   And

you're going to sell drugs to them." The court then segued into talking about a recent case involving a stranger abduction, rape and kidnaping in an Amish area of Adams County.

{¶ 9} The trial court did acknowledge appellant's de minimis criminal record, and also inquired about her disability. Appellant informed the court that she had an anxiety disorder from a 2011 rape. She also shared that: "When my husband had a stroke, he actually had three strokes, we lost our home, we lost our car, we lost everything. That's when things started going downhill. There's no excuse at all. At all."

{¶ 10} The trial court also noted that appellant had scored low to moderate on the Ohio Risk Assessment System, indicating a low to moderate risk of re-offending. The court also acknowledged that of the statutory recidivism factors, she did not meet the criteria for any, other than the court's designation of "lack of genuine remorse." The court finished with comparing this case with graphically violent crimes over which he had presided, and indicated that this case is worse than any of them, noting the "tens of thousands of dollars that we have spent because of your decisions."

{¶ 11} Appellant asserts that the trial court, citing her multiple purchases of different medicines as evidence of her trafficking, apparently held appellant responsible for crimes for which she was not convicted. Appellant points out that the OARRS report that the trial court relied upon shows that the purchases of medicine other than Suboxone occurred after the events that led to her arrest, and those purchases include Valium, a common anxiety medication. Appellant notes that her Suboxone prescriptions were lawful and written by the same physician. Appellant further argues that she pled guilty to two counts related to the sale of one dose of Suboxone to one young man, two weeks shy of his eighteenth birthday, while she was in the vicinity of her twelve-year-old stepdaughter. She argues, however, that the trial court held her responsible for far more damage

than could possibly be caused by "one pill," including multiple addictions at the Children's Home.

Appellant contends that the trial court apparently utilized "the sentencing package doctrine," which,

in effect, sentences a defendant for the whole "package" of their allegedly criminal behavior.

Instead, appellant argues that the court should have considered that "a sentence is a sanction or

combination of sanctions imposed *for an individual offense.*" (Emphasis added.)  *State v. Holdcroft*,

137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph one of the syllabus, citing *State v.*

*Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus (a trial

court must impose a sentence "each separate individual offense.") Appellant argues that this decision

must be in keeping with the definition of "sanction," which is the "penalty imposed upon an offender

who is convicted of or pleads guilty to *an offense, as punishment for the offense.*" (Emphasis added.)

 R.C. 2929.01(D)(D).

{¶ 12} Initially, we agree with appellant that the sentencing package doctrine does not apply

in Ohio.  See *State v. Holdcroft, id.,* and *State v. Saxon*, *id.*  However, we do not agree that the

sentence in the case sub judice indicates that the trial court actually used the sentencing package

doctrine.  The maximum sentence for trafficking in drugs in violation of R.C. 2925.03(A)(1) is one

and one-half years in prison and a $5,000 fine.  The maximum sentence for corrupting another with

drugs in violation of R.C. 2925.02(A)(4) is eight years in prison and a $15,000 fine.  The court

noted at the change of plea hearing that the prison terms could be required to be served

consecutively, for a maximum of nine and one-half years in prison and maximum fines of $20,000,

with minimum mandatory fines of $7,500.  Generally, a court has the discretion to consider

imposing a term of imprisonment within the statutory range.  Here, the judge imposed separate

sentences for both offenses and, as the state highlights, appellant's sentence (seven years and 18

months, to be served concurrently) is within the statutory range and less than the maximum available sentence.

{¶ 13} As recently as 2008, in *State v. Beaver*, 4th Dist. Washington No. 07CA62, 2008-Ohio-4513, ¶ 13, this court pointed to other courts that have held that at sentencing, it is permissible to consider evidence of other crimes. *See also State v. Starkey*, 7th Dist. Mahoning No. 06MA110, 2007-Ohio-6702 (courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing; *State v. Tolliver*, 9th Dist. Wayne No. 03CA0017, 2003-Ohio-5050 (uncharged crimes in pre-sentence investigation report may be a factor at sentencing); *United States v. Mennuti*, 679 F.2d 1032, 1037 (2d Cir.1982) (similar through uncharged crimes may be a factor at sentencing); *United States v. Needles*, 472 F.2d 652, 654-56 (2d Cir.1973 (a dropped count in an indictment may be considered in sentencing). We also find the Second District's decision in *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714 (2d Dist.) to be instructive: "[I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense. For example, the statute governing the contents of a PSI report simply says, '[T]he officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant.' R.C. 2951.03(A). The statutory directive no doubt results in the sentencing court considering evidence that would be inadmissible at trial, *State v. Davis* (1978), 56 Ohio St.2d 51, 10 O.O.3d 87, 381 N.E.2d 641 - like hearsay - and results in the court considering evidence entirely unrelated to the conviction offense." *Bowser* at ¶ 15.

{¶ 14} The state also points out that the trial court properly considered the R.C. 2929.11

purposes and principles of sentencing, and the R.C. 2929.12 seriousness and recidivism factors. R.C. 2929.13(A) provides that a trial court has discretion as to how much weight to give the various factors and what ultimate sentence to impose in most circumstances. *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 8, citing *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, ¶ 30. We fully agree with the trial court that all drug trafficking offenses are serious offenses, and especially offenses that involve minors and children of tender years. Young victims are particularly vulnerable to the scourge of illegal drugs that do, in fact, plague our communities. Also, although appellant's recidivism factors in the case sub judice mostly indicate a low to moderate risk of recidivism, appellant's pre-sentence investigation does indicate that appellant has a genuine lack of remorse. The trial court had the opportunity to hear and to personally observe the appellant and, while the court's remarks indicate the court's mounting frustration with the tragic ripple effects of the drug trade in Adams County, and specifically the corruption of youth at the Children's Home, we do not believe that appellant's sentence is contrary to law, excessive or overly harsh. Once again, appellant's sentence fell within the relevant statutory ranges and is less that the maximum sentence that the trial court could have been imposed.

{¶ 15} Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment is affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Supreme Court of Ohio in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.