[Cite as *State v. Pitzer*, 2020-Ohio-4322.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 19CA23 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Gage Allen Pitzer, | : | |
| Defendant-Appellant. | : | **RELEASED 8/26/2020** |

<u>APPEARANCES</u>:

Tyler E. Cantrell, Office of Young & Caldwell, LLC, West Union, Ohio, for appellant.

Anneka P. Collins, Highland County Prosecutor, and Adam J. King, Highland County Assistant Prosecutor, Hillsboro, Ohio, for appellee.

Hess, J.

{¶1}   Gage Allen Pitzer appeals his conviction for felonious assault, abduction, and having a weapon while under disability, with a forfeiture specification and contends that the trial court abused its discretion in sentencing him to a total prison term of seven years. Pitzer and the state entered into a plea agreement, which included a jointly recommended total consecutive four and one-half years term of incarceration. However, the trial court considered certain factors, rejected the jointly recommended sentence, and determined that a total consecutive term of incarceration of seven years was appropriate. Pitzer argues that the trial court improperly relied upon the arresting officer's affidavit when it increased the total prison term. We conclude that the trial court's consideration of the affidavit was not improper, the sentence is not clearly and convincingly contrary to law, and Pitzer has failed to demonstrate by clear and convincing evidence that the

sentence is not supported by the record. We overrule Pitzer's sole assignment of error and affirm the trial court's judgment.

## I. PROCEDURAL HISTORY

{¶2}   In September 2019, the Highland County Grand Jury indicted Pitzer on one count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony; one count of abduction in violation of R.C. 2905.02(A)(2), a third-degree felony; one count of receiving stolen property in violation of R.C. 2913.51, a fourth-degree felony; one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; one count of endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; and a forfeiture specification as provided in R.C. 2941.1417. Pitzer and the state entered into a plea agreement in which Pitzer pleaded guilty to felonious assault, abduction, and having weapons under disability, and conceded forfeiture. The state dismissed the counts of receiving stolen property, domestic violence, and endangering children. The terms of the plea agreement included a jointly recommended term of incarceration of two years for felonious assault, eighteen months for abduction, and twelve months for weapons under disability, to run consecutive for a total prison term of four and one-half years.

{¶3}   At the sentencing hearing, the trial court determined that a number of considerations made the felonious assault and weapon offenses particularly disturbing: Pitzer's five-year-old son was present during the incident, Pitzer used a weapon to threaten members of the public who had telephoned 9-1-1, and there was physical harm to Pitzer's wife's head and face.  As a result, the trial court sentenced Pitzer to four years

for felonious assault, rather than the jointly recommended two years, and eighteen months for weapons under disability, rather than the recommended twelve months. The trial court imposed the eighteen month jointly recommended sentence for abduction. As jointly recommended, the trial court ran each sentence consecutively for a total prison term of seven years, rather than the jointly recommended total consecutive term of four and one-half years.

## II. ASSIGNMENT OF ERROR

{¶4}   Pitzer assigns the following error for our review:

1.  The Court abused its discretion in sentencing the Defendant[.]

## III. LAW AND ANALYSIS

{¶5}   Pitzer does not challenge the consecutive aspect of his sentence. He and the state jointly recommended that the prison terms on each individual count run consecutively and the trial court ran his sentences consecutively. Rather Pitzer challenges the length of a nonmaximum sentence for the single counts of felonious assault and weapons under disability because the trial court imposed longer terms than jointly recommended on those two counts. Thus, this challenge requires an analysis used in *Marcum, infra*, not the consecutive sentence review used in *State v. Gwynne,* 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 15-17.

## A. Standard of Review

{¶6}   When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 1, 22–23. Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶7} Although R.C. 2953.08(G)(2)(a) does not mention R.C. 2929.11 and 2929.12, the Supreme Court of Ohio has determined that the same standard of review applies to those statutes. *Marcum* at ¶ 23 (although "some sentences do not require the findings that R.C. 2953.08(G)[2][a] specifically addresses[,] * * * it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court"); *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017–Ohio–1544, ¶ 84. Consequently, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23; *Butcher* at ¶ 84.

{¶8} "Once the trial court considers R.C. 2929.11 and 2929.12, the burden is on the defendant to demonstrate by clear and convincing evidence that the record does not support his sentence." *State v. Akins–Daniels*, 8th Dist. Cuyahoga No. 103817, 2016–Ohio–7048, ¶ 9; *State v. O'Neill,* 3d Dist. Allen No. 1–09–27, 2009–Ohio–6156, ¶ 9, fn. 1 ("The defendant bears the burden to demonstrate, by clear and convincing evidence, that the sentence is not supported by the record, that the sentencing statutes' procedure was

not followed, or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law"); *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014–Ohio–5601, ¶ 5 ("because [appellant] failed to establish by clear and convincing evidence either that the record does not support the trial court's findings or that the sentence is otherwise contrary to law, these assignments of error are meritless"). "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009–Ohio–5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *see also State v. Day,* 2019-Ohio-4816, 149 N.E.3d 122, ¶ 8-10 (4th Dist.).

B. Pitzer's Sentence is Supported by the Record and Is Not Contrary to Law

**{¶9}** " '[A] sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post[-]release control, and imposed a sentence within the statutory range.' " *State v. Perry*, 4th Dist. Pike No. 16CA863, 2017–Ohio–69, ¶ 21, quoting *State v. Brewer*, 2014–Ohio–1903, 11 N.E.3d 317, ¶ 38 (4th Dist.).

**{¶10}** In its judgment entry, the trial court stated that it considered the R.C. 2929.11 purposes and principles of sentencing and the R.C. 2929.12 seriousness and recidivism factors, properly applied post-release control, and imposed a four-year prison term for felonious assault and an eighteen-month term for weapons under disability, both which are within the statutory range. *See* R.C. 2903.11(D)(1)(a) (except as otherwise

provided, felonious assault is a second-degree felony); R.C. 2923.13(B) (having weapons under disability is a third-degree felony); R.C. 2929.14(A)(2)(a) and (3)(b) (providing generally that the prison term for a second-degree felony is an indefinite term of two, three, four, five, six, seven, six, seven, eight years and the prison term for third-degree felony is a definite term of nine, twelve, eighteen, twenty-four, thirty, and thirty-six months).

**{¶11}** Pitzer argues that the trial court relied on information in the arresting officer's affidavit which "was not in alliance with the facts presented" by the state. He also argues that the seriousness and recidivism factors under R.C. 2929.12 do not support his sentence. He contends that he had "a clean adult record," the crime did not involve the general public, and was not a crime likely to be committed again. In other words, Pitzer disagrees with the trial court's analysis and balancing of these factors and contends that the court abused its discretion by taking into consideration information in the affidavit describing crimes for which Pitzer had not been convicted.

**{¶12}** The Supreme Court of Ohio summarized the applicability of R.C. 2929.11 and 2929.12 in sentencing decisions:

> In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). * * *
>
> Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to

commit future offenses. * * * [A]n offender's conduct is considered less serious when there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(C)(4). R.C. 2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate.

*State v. Day* at ¶ 15, quoting *State v. Long*, 138 Ohio St.3d 478, 2014–Ohio–849, 8 N.E.3d 890, ¶ 17–18.

**{¶13}** Here the trial court's judgment entry stated that it considered both the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. At the sentencing hearing, the trial court more specifically found:

Well, Mr. Pitzer, this case is disturbing. I'm taking into consideration the fact that you have admitted your guilt and avoided placing your wife and others through the rigors of a trial.

I also note that it's your first felony offense as an adult. But, unfortunately, for your initiation you chose some real serious offenses.

There are several aggravating factors here, in my judgment: The fact that your son was present. The officer indicated that the weapon appeared to have been jammed, and it appeared to have been caused by a double-feed, meaning that more likely it was caused by repeatedly trying to fire the weapon. * * *

I also note that one of the people that called 9-1-1 was a witness who said that he had been threatened with a weapon as well. Whether you intended to do that or not, obviously it would have scared somebody like that; so, there were people in the public that were involved.

And then this whole thing took place with your child being in the room, or the house.

There were some efforts to harm your wife. The fact that she wasn't hurt badly isn't the point. The point is that you were aggressive toward her; and apparently bloodied her nose * * * it appeared she had been struck about the head and the scalp. * * *

But given that situation, uh, the Court is of the opinion that a two (2) year sentence for the felonious assault is not sufficient.

**{¶14}** The trial court also found that the sentences should be served consecutively:

[T]he offenses * * * were of so great or unusual harm caused, not just to the victim, but to the public in general, that no one prison term would adequately reflect the seriousness of your conduct.

And, given the fact that you've had a previous conviction in Juvenile Court for an assault on a police officer; that your history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime.

{¶15} The trial court considered the arresting officer's affidavit in making its sentencing decision. Pitzer argues that the trial court abused its discretion in considering the arresting officer's affidavit because some of the details in it differed from the prosecutor's statements made at the sentencing hearing and it included information about criminal acts the state did not pursue. However, Pitzer cites no legal authority for his argument. The state contends that "it was obviously proper" for the trial court to consider the information in the affidavit but the state cites no legal authority for its argument.

{¶16} At the sentencing hearing, the trial court is permitted to take into consideration defense counsel's statements, defendant's statement, prosecutor's statement, the victim's or victim's representative's statement, any PSI report that may have been ordered, and any information relevant to the imposition of the sentence presented by any other persons. *See* R.C. 2929.19(A); Crim.R. 32. Before imposing a sentence, the court must consider the record and any information presented at the sentencing hearing. R.C. 2929.19(B)(1).  The trial court may also take into account evidence of other crimes, even though they were dismissed as part of plea bargaining:

As recently as 2008, in *State v. Beaver*, 4th Dist. Washington No. 07CA62, 2008–Ohio–4513, ¶ 13, this court pointed to other courts that have held that at sentencing, it is permissible to consider evidence of other crimes. *See also State v. Starkey*, 7th Dist. Mahoning No. 06MA110, 2007–Ohio–6702 (courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing[)];  *State v. Tolliver*, 9th Dist. Wayne No. 03CA0017, 2003–

Ohio–5050 (uncharged crimes in pre-sentence investigation report may be a factor at sentencing); *United States v. Mennuti*, 679 F.2d 1032, 1037 (2d Cir.1982) (similar through [sic.] uncharged crimes may be a factor at sentencing); *United States v. Needles*, 472 F.2d 652, 654–56 (2d Cir.1973[)]) (a dropped count in an indictment may be considered in sentencing). We also find the Second District's decision in *State v. Bowser*, 186 Ohio App.3d 162, 2010–Ohio–951, 926 N.E.2d 714 (2d Dist.) to be instructive: "[I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense. For example, the statute governing the contents of a PSI report simply says, '[T]he officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant.' R.C. 2951.03(A). The statutory directive no doubt results in the sentencing court considering evidence that would be inadmissible at trial, *State v. Davis* (1978), 56 Ohio St.2d 51, 10 O.O.3d 87, 381 N.E.2d 641—like hearsay—and results in the court considering evidence entirely unrelated to the conviction offense." *Bowser* at ¶ 15.

*State v. Wagner*, 4th Dist. Adams No. 16CA1033, 2017-Ohio-8653, ¶ 13.

**{¶17}** Pitzer's argument that the trial court should limit its review to only those facts set forth by the prosecutor at the sentencing hearing is similar to the argument made by the defendant in *Huntley, infra.* There the defendant argued that the trial court's sentencing review should be limited to the stipulated facts in the plea agreement. We rejected this argument and explained that trial courts may impose a "real offense" sentence:

In their treatise, Griffin and Katz discuss the concept of "real offense sentencing." See Griffin & Katz, Ohio Felony Sentencing Law (2002 Ed.) at 545-46. There, Griffin and Katz state: "Notwithstanding that an offense has been plea bargained to a lesser offense, pre-sentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts even though such facts may be inconsistent with a plea bargain. * * * Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense. Thus, seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose." Under the concept of "real offense sentencing" a defendant receives the benefit of his plea when his sentence is within the statutory parameters of

the *pled* offense. Therefore, sentencing courts may consider the real facts behind a plea agreement when sentencing a defendant.

A defendant's plea to a lesser charge is not a statutory factor under the felony sentencing guidelines. *State v. Murphy,* Meigs App. No. 00CA13, 2001-Ohio-2461. However, following a plea agreement, courts must look at the totality of the circumstances when determining the seriousness of an offender's conduct. *Id.; State v. Coleman,* Meigs App. No. 00CA10, 2001-Ohio-2436 citing *State v. Garrard* (1997), 124 Ohio App.3d 718, 722, 707 N.E.2d 546. See, also, R.C. 2929.12(A) (stating that the sentencing court may consider "any other factors that are relevant to achieving" the purposes and principles of sentencing).

Real offense sentencing allows sentencing courts to take into account the true facts of a case even though a plea bargain may result in a more lenient charge. (Emphasis sic.)

*State v. Huntley*, 4th Dist. Hocking No. 02CA15, 2002-Ohio-6806, ¶ 12-14. "Ohio courts have upheld trial courts' reliance on the actual facts from the indictment 'even if [the defendant] negotiated a plea at odds with the indicted elements.' " (Brackets sic.) *State v. Kimbrough*, 1st Dist. Hamilton No. C-180295, 2019-Ohio-2561, ¶ 4, quoting *State v. Mayor*, 7th Dist. Mahoning No. 07 MA 177, 2008-Ohio-7011, ¶ 17; *State v. Gore*, 10th Dist. Franklin No. 15AP-686, 2016-Ohio-7667, ¶ 12-13 (discussing "real-offense" sentencing). "Criminal defendants must accordingly proceed with eyes wide open to this possibility when they engage in the plea exercise." *Kimbrough* at ¶ 4.

**{¶18}** The trial court's consideration of the arresting officer's affidavit was entirely proper and is the type of information a trial court considers when imposing a sentence. We find no error or abuse of discretion.

**{¶19}** Although Pitzer disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12, in imposing a sentence it is the role of the trial court to determine the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances. *See State v. Bailey*, 4th Dist.

Highland No. 11CA7, 2011–Ohio–6526, ¶ 34, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000) ("in considering the factors set forth in R.C. 2929.12, the trial court has 'the discretion to determine the weight to assign a particular statutory factor' "); *State v. Kuykendall*, 2017–Ohio–7280, 97 N.E.3d 32, ¶ 17 (12th Dist.), quoting *State v. Steger*, 12th Dist. Butler No. CA2016–03–059, 2016–Ohio–7908, ¶ 18 ("Although appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12, it is '[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances' "); *State v. Reeves*, 10th Dist. Franklin No. 14AP–856, 2015–Ohio–3251, ¶ 10, quoting *State v. Todd*, 10th Dist. Franklin No. 06AP–1208, 2007–Ohio–4307, ¶ 23 (" 'the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances' ").

**{¶20}** Pitzer has failed to meet his burden to establish that his prison sentence was clearly and convincingly not supported by the record. "Simply because the court did not balance the factors in the manner appellant desires does not mean that the court failed to consider them, or that clear and convincing evidence shows that the court's findings are not supported by the record." *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017–Ohio–1544, ¶ 87. After reviewing the record, we find no clear and convincing evidence that the court erred in balancing the factors in R.C. 2929.12 or in considering the principles and purposes of sentencing under R.C. 2929.11. Therefore, we overrule Pitzer's sole assignment of error.

## IV. CONCLUSION

{¶21}  We overrule Pitzer's assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the HIGHLAND COUNTY COURT OF COMMON PLEAS, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.:  Concur in Judgment and Opinion.


                                        For the Court


                        BY: _____
                              Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**