[Cite as *State v. Mayle*, 2023-Ohio-684.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TODD D. MAYLE | : | Case No. CT2022-0034 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Muskingum County
                                    Court of Common Pleas, Case No.
                                    CR2021-0647


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   March 6, 2023


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

RON WALSH                                     HARRY R. REINHART
Prosecuting Attorney                          Reinhart Law Office
Muskingum County, Ohio                        One Americana, Suite 301
                                              400 South Fifth Street
By: JOHN CONNOR DEVER                         Columbus, Ohio 43215
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1}   Todd Mayle appeals the decision of the Muskingum County Court of Common Pleas imposing a sentence of seven to ten and one-half years in prison for a violation of R.C. 4511.19(A)(1)(a), OVI, an unspecified misdemeanor, and R.C. 2903.08(A)(1)(a), Aggravated Vehicular Assault, a felony of the second degree. The State of Ohio is Appellee.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}   Mayle entered a no-contest plea to a reduced number of charges and was sentenced to prison for seven to ten and one-half years. He contends the prosecutor violated his constitutional rights by making comments at sentencing that were irrelevant, unverified and focused upon the alleged bad character of his family, but he expressly concedes that he "does not contend that the punishment is not within the statutory limits nor does he complain that the trial court did not have the discretion to impose any sentence permitted under the statutory scheme." (Appellant's Brief, page 14).

{¶3}   Mayle allegedly caused an automobile accident and serious injury to his passenger that resulted in his indictment for violation of R.C. 4511.19(A)(l)(a), OVI, and R.C. 2903.08 as well as charges for driving under suspension. After discussions with Appellee, he entered a no-contest plea to one count of a violation of R.C. 4511.19(A)(1)(a) and unclassified misdemeanor with a forfeiture specification under R.C. 2941.1417 and one count of Aggravated Vehicular Assault, a second degree felony and a violation of 2903.08(A)(1)(a). The trial court noted that it considered "the principles and purposes of sentencing under Ohio Revised Code § 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code § 2929.12" and found that Mayle "has a prior

felony conviction, a lengthy misdemeanor record, and caused serious harm to the victim in this matter who still suffers from her injuries." (Entry, May 11, 2022, p. 2). The trial court imposed a sentence of six months of local incarceration and a mandatory fine of $850.00 for the OVI and a minimum mandatory prison term of seven years and an indefinite prison term of ten and one-half years for the Aggravated Vehicular Assault running concurrently.

{¶4}  During the sentencing hearing the trial court reviewed Mayle's criminal record:

- 2009 felony convictions for carrying a concealed weapon, possession of cocaine, and possession of Xanax. (Transcript, Sentencing Hearing, p. 10, lines 18-22).

- Misdemeanor falsification in April 2022; an OVI and speeding in November 2021; an OVI, driving under suspension, and an assault in 2019; a fleeing and alluding, willful and wanton disregard for safety other persons or property and resisting arrest in 2013; an OVI from 2012; a criminal trespass, aggravated menacing, disorderly conduct, and falsification in 2010; two counts of aggravated menacing in 2009; a disorderly conduct by indecent language, leaving the scene of an accident, and failure to control in 2008. (Transcript, Sentencing Hearing, p. 10, line 23 to p. 11, line 10).

- The injury to the victim of Mayle's Aggravated Vehicular Assault. (Transcript, Sentencing Hearing, p. 11, line 23 to p. 12, line 5).

{¶5}  Counsel for both parties presented argument to the trial court regarding the appropriate penalty and, during this argument, counsel for Appellee made remarks that Mayle interprets as follows:

- Mayle and his brothers "grew up on Baker Street". (Transcript, Sentencing Hearing, p. 6, line 21).

- Mayle and his brothers were known for "selling drugs, having weapons" and participating in the "biggest open-air drug mart in Zanesville". (Transcript, Sentencing Hearing, p. 7, lines 1-7).

- That "there has been at least three shootings in the last three years" at the Pine Street Dairy Mart; (Transcript, Sentencing Hearing, p. 7, lines 1-7).

- That drug dealers view women as commodities "to be used and discarded" and that was what happened here. (Transcript, Sentencing Hearing, p. 7, lines 8-11).

{¶6}     Mayle did not object to the comments, but did refute them: "We do dispute some of the statements that were just put on the record by the prosecutor. Mr. Mayle indicates that he did not grow up in the area where Mr. Litle indicated and also disputes the statements regarding narcotics as well as the shooting, actually states that he rendered assistance to the victim of that shooting." (Transcript, Sentencing Hearing, p. 8, lines 13-19).

{¶7}     Mayle contends that these comments violated his right to due process as they were unverified and irrelevant and sought a more serious sentence based upon the alleged character of Mayle's family. He argues the statements were inappropriate both because they were not relevant to the charges before the court, he was not linked to those events, and the references were designed to impugn his character.

{¶8}     Mayle also argues that the reference to "Baker Street" and "Pine Street Dairy" are code words that "inject language that triggers racial stereotypes and other

negative associations without the stigma of explicit racism." (Appellant's Brief, p. 12). Mayle concludes that "using those same racial stereotypes to obtain a more severe sentence in front of a judge is just as unacceptable" and that "the prosecutor's improper argument in this case so infected the sentencing that it denied him due process." (Appellant's Brief, pages 13-14) and that he must be resentenced.

{¶9}  Appellee rejects Mayle's assertions and contends that there was no reference to race at the sentencing hearing and that the Appellee was expressing opposition to the drug trade. Appellee's justification for the reference to Baker Street and the Pine Street Dairy Mart is not clear, but we interpret it as an attempt to draw some type of analogy between the injury caused by Mayle and the alleged general disregard of drug dealers for women. Mayle was not charged or sentenced for an offense that involved drugs or shooting, but Appellee contends that "his past conduct conforms to the type of criminal activity the prosecutor was associating to Baker Street, the Pine Street Dairy Mart, and the world of drug dealing." (Appellee's Brief, p. 4).

## STANDARD OF REVIEW

{¶10} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

**{¶11}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶12}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris,* 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

### ANALYSIS

**{¶13}** Mayle concedes that the sentence is within the statutory range and we find that the record reflects that the trial court considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and properly imposed post release control, so those issues need not be considered. Our analysis will be restricted to whether the prosecutor's comments violated Mayle's right to due process at sentencing.

**{¶14}** "It is well-settled that the court may, in the sentencing process, consider information which would have been inadmissible at trial." *State v. Cassidy* (1984), 21 Ohio App.3d 100, 101, 487 N.E.2d 322, citing *State v. Davis* (1978), 56 Ohio St.2d 51, 381 N.E.2d 641. Indeed, the trial court not only is permitted, but is "mandated, to consider the circumstances of the offense." *Id.* at 102, 381 N.E.2d 641.

**{¶15}** The trial court's discretion at sentencing is not unlimited and a sentence within the limits of sentencing laws may violate due process if the sentencing proceedings are fundamentally unfair. *Townsend v. Burke* (1948), 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693; see, also, *Gardner v. Florida* (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393, 402 ("[t]he defendant has a legitimate interest in the character of the procedure which leads *218 to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process"), citing *Witherspoon v. Illinois* (1968), 391 U.S. 510, 521–523, 88 S.Ct. 1770, 1776–1778, 20 L.Ed.2d 776, 784–786 as quoted in *State v. Arnett,* 88 Ohio St.3d 208, 217–18, 724 N.E.2d 793, 801 (2000).

**{¶16}** An Appellate court may vacate sentences as violative of due process when the record reveals that the trial court imposed or enhanced the offender's sentence because of improper considerations such as the offender's race or national origin, *United States v. Borrero–Isaza* (C.A.9, 1989), 887 F.2d 1349, false or unreliable information, *United States v. Safirstein* (C.A.9, 1987), 827 F.2d 1380, or parochialism, *United States v. Diamond* (C.A.4, 1977), 561 F.2d 557, 559. *Arnett, supra* at 218.

**{¶17}** In this case we find that the Appellee's counsel made comments during the sentencing hearing that included facts that were neither relevant to the offense or to Mayle's criminal history. Mayle was charged with an OVI offense and Aggravated Vehicular Assault. The prosecutor's attempt to create an analogy between these offenses and shooting, drug dealing, misogyny or geographical areas that are burdened with crime that might be associated with race is improper, unjustifiable and objectionable. The prosecutor had ample material from Mayle's criminal record and the circumstances

surrounding the offense to convey the state's position regarding a just sentence of Mayle. Invoking the specter of race, crime in which Mayle was not involved and allegations of misogynistic behavior was unnecessary and undermines respect for the justice system.

{¶18} While we find the prosecutor's comments improper, Mayle has offered no evidence to demonstrate that those comments had any impact on this sentence. The trial court did not include the allegations mentioned by the prosecutor in its analysis and nothing in the record affirmatively demonstrates that the trial court was moved by those comments. "[T]his court will presume that a trial court considered only the relevant, material, and competent evidence in arriving at its judgment, unless the contrary affirmatively appears from the record." *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 131 as quoted in *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616. We find the trial court had ample evidence in the record to support its sentence and the record contains nothing that supports a conclusion that the improper comments of the prosecutor had any impact. Appellant offers only a conclusion that the comments were improper and does not direct us to any evidence to support that the trial court relied upon those comments to imposed a sentence.

{¶19} After reviewing the record we find that the sentence imposed by the trial court is not clearly and convincingly unsupported by the record and neither is it otherwise contrary to law.

{¶20} Mayle's assignment of error is overruled.

**{¶21}** The decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.